JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

09 CIV 3007

-----------------------------------------------------------X
MARC BONNANT,

                    Plaintiff,

    -against-

MERRILL, LYNCH, PIERCE, FENNER & SMITH,
INC. and MERRILL LYNCH CAPITAL SERVICES,
INC.,

                    Defendants.
-----------------------------------------------------------X

Case No.



## COMPLAINT

    MARC BONNANT, through his attorney David J. Hoffman, alleges:

    1.    Plaintiff seeks a preliminary and permanent injunctions against Defendants Merrill, Lynch, Pierce, Fenner & Smith, Inc. and Merrill Lynch Capital Services, Inc. (collectively, "Merrill Lynch") to enjoin both of these parties from bringing claims in arbitration against plaintiff.

    2.    The principal place of business of Merrill Lynch is New York, New York.

    3.    Plaintiff is an attorney in Switzerland and a member of the Geneva bar.

    4.    Plaintiff has no agreement to arbitrate with Merrill Lynch; therefore, there is no arbitral jurisdiction.

    5.    Merrill Lynch has asserted a third-party complaint against plaintiff in an arbitration proceeding before FINRA, <u>Sophin Investments, S.A. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.</u>  The place of arbitration is New York, New York.

6. Plaintiff is the sole director and president of Sophin Investments, S.A. (a British Virgin Islands corporation), and the trustee of Sophin's sole shareholder, Mappemonde, Vaduz, a Lichtenstein Family Trust, organized under the laws of Lichtenstein. The beneficial owner of Sophin is Camelia Nasser de Kassin, a citizen and resident of Brazil.

7. In the arbitration, Sophin is seeking upwards of $20 million in damages. In its third-party complaint, Merrill Lynch is seeking to be indemnified by Mr. Bonnant for any award to Sophin.

8. The arbitrators have no jurisdiction over plaintiff. If plaintiff is forced to arbitrate, plaintiff will suffer irreparable harm.

9. Together with this Complaint, plaintiff is also moving by order to show cause for a preliminary injunction. Plaintiff incorporates the papers supporting that motion by reference.

10. This Court has jurisdiction and is the proper venue of this matter under 28 USC §1331 and 28 USC §1332, as well as 9 USC §4 and 9 USC §206.

WHEREFORE, plaintiff requests the following relief:

A.   A permanent injunction against Defendants from bringing claims in arbitration against Plaintiff;

B.   A declaration that plaintiff is not obligated to arbitrate with Defendants;

C.   The attorneys fees and costs of this action; and

D.   Such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 26, 2009

*/s/ David J. Hoffman*
David J. Hoffman
Attorney at Law
One Whitehall Street
Suite 1825
New York, New York 10004
Tel: (917) 701 3117

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MARC BONNANT,

                Plaintiff,

                                                                       Case No.

  -against-

MERRILL, LYNCH, PIERCE, FENNER & SMITH,
INC. and MERRILL LYNCH CAPITAL SERVICES,
INC.,

                Defendants.
-------------------------------------------------------------------X

# COMPLAINT

# DAVID J. HOFFMAN
## ATTORNEY AT LAW
ONE WHITEHALL STREET
SUITE 1825
NEW YORK, NEW YORK 10004
TEL: (917) 701-3117
E-MAIL: DJHOFFMAN@DJHOFFMANLAW.COM