UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARC BONNANT,

                       Plaintiff,

     -against-

                                  Case No.

                                  09-cv-3007 (RJS)

MERRILL, LYNCH, PIERCE, FENNER & SMITH, INC.
and MERRILL LYNCH CAPITAL SERVICES, INC.,

                    Defendants.
------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
## FRCP 62.1 MOTION FOR AN INDICATIVE RULING TO VACATE THE ORDER OF
## SUMMARY JUDGMENT PURSUANT TO FRCP 60(B)

# David J. Hoffman
## Attorney at Law
One Whitehall Street
Suite 1825
New York, New York 10004
Tel: (917) 701-3117
E-Mail: djhoffman@djhoffmanlaw.com

**I.      The New Evidence Cannot be Disregarded Merely Because it Supports Mr. Bonnant's Previously Stated Arguments**

Where Merrill Lynch attempts to describe the new evidence in the form of two declarations, a submission to the arbitral tribunal, and Merrill Lynch's own documents as merely cumulative or identical to other materials previously before this Court, Merrill Lynch fundamental mischaracterizes the requirements of FRCP 60(b)(2).   FRCP 60(b)(2) does not require Mr. Bonnant to come up with new arguments, but merely new evidence. Rather, this new evidence supports arguments that Mr. Bonnant previously presented to this Court.  Now, however, Mr. Bonnant has the incontrovertible admissions of Merrill Lynch's own employee that Merrill Lynch knew all along that Mr. Bonnant was not the principal, the account holder or had any other relationship to Sophin other than as a fiduciary.   Merrill Lynch's claim that these new materials should be disregarded because they are cumulative is a perverse interpretation.  The fact that the documents support the previous sworn statements of Mr. Bonnant and other witnesses simply shows that these statements were accurate and credible, in contradistinction to the sworn statements of Anthony Campbell submitted by Merrill Lynch in this case.

This case is utterly distinguishable from the decades-old cases cited by Merrill Lynch.  In <u>Westerly Electronics Corporation v. Walter Kidde& Company, Inc.</u>, 367 F. 2d 269, 270 (2d Cir. 1966), an order denying a FRCP 60(b)(2) was upheld (under the abuse of discretion standard) for a host of reasons including the fact that the alleged new document in that appellant could not prove that the document was "truly newly discovered or that it could not have been found by due diligence" and that the "appellant waited ten months after the 'discovery' before moving to amend and modify."   Merrill Lynch makes no argument that there was undue delay or that Mr. Bonnant could have

discovered the statements of Merrill Lynch's own employee and Merrill Lynch's own documents. As the timeliness of the motion is a threshold matter, since the appellant in Westerly Electronics Corp. failed that prong of the test, the statement regarding the cumulative nature of the evidence is, at best, dicta. Unlike the "scratch paper" at issue in Westerly Electronics Corp., here we have substantial sworn statements and documents coming directly from and properly ascribed to Merrill Lynch.

In Kolan v. Csengeri, 268 F. 2d 239, 240 (2d Cir. 1959), the Second Circuit also affirmed a denial of a FRCP 59 and FRCP 60 motions – the appellant having made two post-trial motions. There, the appellant claimed that she had been "surprised" at trial by certain evidence and found new evidence on that point after the conclusion of the trial. Id. As its primary holding, the Second Circuit found that the appellant was not, in fact, surprised and the only reference to the cumulative nature of the allegedly newly discovered evidence was that, "[m]oreover, as pointed out by the trial judge, the newly discovered evidence is merely cumulative." Id. From these two long-ago fragments Merrill Lynch cannot fashion a rule that newly discovered evidence must be disregarded merely because it is in accord with other materials previously before the Court.

## II.   Mr. Bonnant's Alternative Relief Should be Granted

While there is disagreement on other points between the parties, there does appear to be one area of agreement. Namely, Merrill Lynch concedes that this Court's judgment was not based on any finding that Mr. Bonnant misled Merrill Lynch. At page 8 of Merrill Lynch's memorandum, Merrill Lynch confirms that "Merrill Lynch's alleged knowledge as to whether Mr. Bonnant was in fact the owner of Sophin thus had no bearing on this Court's decision to grant summary judgment." As noted in Mr. Bonnant's

main brief (at p. 8), the judgment compelling Mr. Bonnant to arbitrate is susceptible to an interpretation that the language from the June 25, 2009 suggesting that Mr. Bonnant may have misled Merrill Lynch is in fact a preclusive finding of this Court.  Because both Merrill Lynch and Mr. Bonnant agree that this was not the case, there should be no barrier to the Court to clarify its judgment to minimize the possibility of misinterpretation.

As if to demonstrate the possibility of misinterpretation of this Court's judgment, on November 27, 2010, an article appeared in <u>Le Temps</u> newspaper published in Geneva, Switzerland.   (Hoffman Decl., Ex. 1).   At the center of Merrill Lynch's argument that Mr. Bonnant misled Merrill Lynch was the so-called "confidential letter", also known as Form 850.  That letter is prominently displayed in the article, which stated that "The 'confidential letter' of 2004 had weight in the court pleadings."   (Hoffman Decl. Ex. 1, at p. 4 of translated version).   Because Merrill Lynch and Mr. Bonnant are in agreement that the judgment was not based on any alleged misrepresentation, this Court should grant Mr. Bonnant's request to modify the judgment to limit the possibility of any unfortunate collateral effects of such misinterpretation.

## III.    Merrill Lynch all but Concedes that Mr. Campbell made False Statements to this Court

As to whether the judgment was based on false statements of Anthony Campbell, it is telling to note that Merrill Lynch no longer defends the truth of Mr. Campbell's statement, merely confining itself to arguing that there is no evidence that Mr. Campbell made any "false statements that Mr. Campbell knew to be false" (ML Memo, p. 9).  Merrill Lynch's argument overlooks two significant features of Mr. Campbell's declaration.   First, Mr. Campbell did not solemnly swear that he did not have personal

knowledge of anyone else connected with the Sophin Account, but rather that "the only person that <u>Merrill Lynch</u> knew of in connection with the Sophin Account'. (emphasis added). Second, Mr. Campbell swore that he was "familiar with the Sophin account". Both of these statements are undermined by the new evidence. Thus, the falsity of Mr. Campbell's statements resides not only to the substance of the statements, but also as to the limits of his own knowledge. If Mr. Campbell was not in a position to make a statement on behalf of Merrill Lynch, Mr. Campbell simply could have refrained from making factual statements that were simultaneously sweeping, authoritative and false.

As Merrill Lynch has abandoned defending the substance of Mr. Campbell's statements, had the limitations of Mr. Campbell's own knowledge been known at the time, Mr. Bonnant's request for discovery would have been significantly bolstered.

Dated:      New York, New York
            December 23, 2010


                        _____/s/_____
                        David J. Hoffman
                        Attorney at Law
                        One Whitehall Street
                        Suite 1825
                        New York, New York 10004
                        Tel: 917-701-3117
                        e-mail: djhoffman@djhoffmanlaw.com