UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/18/11

MARC BONNANT,

                        Plaintiff,

-v-

MERRILL LYNCH, PIERCE, FENNER & SMITH, INC. and MERRILL LYNCH CAPITAL SERVICES, INC.,

                        Defendants.

No. 09 Civ. 3007 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

    Before the Court is Plaintiff's Motion for an Indicative Ruling to Vacate the Order of Summary Judgment pursuant to Federal Rule of Civil Procedure 60(b). On May 10, 2010, the Court entered an Order granting Defendant's motion for summary judgment and compelling arbitration. Specifically, the Court held that for the reasons stated on the record at the May 11, 2010 argument and those set forth in the Court's June 25, 2009 Memorandum and Order, Plaintiff was bound to arbitrate (i) issues under the International Cash Management Account Agreement ("ICMA") against Merrill Lynch, Pierce, Fenner & Smith, Inc. ("MLPF&S") and (ii) claims of Merrill Lynch Capital Services, Inc. ("MLCS") pursuant to the arbitration-by-estoppel doctrine. The Court's order was incorporated into a May 18, 2010 Clerk's Judgment from which Plaintiff filed a notice of appeal. Although Plaintiff's notice of appeal divests this Court of jurisdiction to grant the relief requested in his Rule 60(b) motion, Rule 62.1 permits the Court to "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial

issue." Fed. R. Civ. P. 62.1. The Court has reviewed the parties' submissions and for the reasons stated below and at the November 10, 2010 pre-motion conference, HEREBY DENIES Plaintiff's motion.

According to Plaintiff, the FINRA arbitration produced newly uncovered evidence – consisting of the Declarations of Ezequiel Nasser and Claudia Srour Buch, and Merrill Lynch's various standing letters of authorization of transfers – that demonstrates Merrill Lynch's knowledge that Plaintiff was not the beneficial owner of Sophin. Plaintiff argues that the Court principally relied on Defendant's prior contradictory representations in issuing its summary judgment ruling and moves to vacate or modify the May 18, 2010 Judgment under Rules 60(b)(2) and (b)(3).

A movant may obtain relief from a judgment under Rule 60(b)(2) by presenting "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." *Insurance Co. of North America v. Public Service Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citing Fed. R. Civ. P. 60(b)(2)). However, relief under Rule 60(b) is "generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). The moving party must show that "(1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant [was] been justifiably ignorant of them despite due diligence, (3) the evidence [is] admissible and of such importance that it probably would have changed the outcome, and (4) the evidence [is] not . . . merely cumulative or impeaching." *Teamsters*, 247 F.3d at 392.

Plaintiff fails to meet this exacting standard. The new evidence of Merrill Lynch's purported belief is largely cumulative of other evidence presented by Plaintiff in support of his

2

motion for summary judgment (*see e.g.* Nasser Decl., Aug. 13, 2009; de Kassin Decl., Aug. 11, 2009), and would not have changed the Court's determination that the ICMA agreement itself unambiguously requires Plaintiff to submit to arbitration with MLPF&S (*see* May 11, 2010 Tr. 23:4-19 (holding that Plaintiff signed the agreement in both a representative and an individual capacity, and that the agreement unambiguously compels arbitration)). The new evidence also would not disturb the Court's determination that, based on the relationship between the parties and the intertwined nature of MLCS's third party claims and MLPF&S's claims, Plaintiff is estopped from denying an obligation to arbitrate with MLCS. *See Ross v. Am. Exp. Co.*, 547 F.3d 137, 144 (2d Cir. 2008); *JLM Indus., Inc., v. Stolt-Nielsen SA*, 387 F.3d 163, 174 (2d Cir. 2004).

In order to obtain relief under Rule 60(b)(3), a movant must demonstrate fraud, misrepresentation, or misconduct by an opposing party. *See* Fed. R. Civ. P. 60(b)(3). A Rule 60(b)(3) motion "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989). Plaintiff also bears the burden of showing that the "misconduct substantially interfered with [his] ability to prepare the case and defend against the motion fully and fairly." *Catskill Development, L.L.C. v. Park Place Entertainment Corp.*, 286 F. Supp. 2d 309, 316 (S.D.N.Y. 2003) (quoting *Monaghan v. SZS 33 Associates, L.P.*, No. 89 Civ. 4900 (RWS), 1992 WL 135821, at *3 (S.D.N.Y. June 1, 1992). Although Plaintiff argues that the new evidence contradicts Defendants' earlier contentions that they believed Plaintiff to be the sole owner of the Sophin Account, Plaintiff disputed those contentions in opposing the motion summary judgment. And because, as explained above, Defendants' alleged misrepresentations did not form the basis for the Court's summary judgment ruling, Plaintiff

3

fails to demonstrate how the misrepresentations substantially interfered with his ability to fully and fairly present his case.

Accordingly, Plaintiff's motion is HEREBY DENIED.

SO ORDERED.

Dated: February 17, 2011
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE